# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

HECTOR OMAR FIGUEROA QUINONEZ,

Petitioner,

v.

UNITED STATES OF AMERICA.,

Respondent.

**Civil No. 17-1226 (ADC)**
**[Related to Criminal No. 15-124-1 (ADC)]**

## OPINION AND ORDER

Petitioner Héctor Omar Figueroa-Quiñonez ("petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, on February 15, 2017. **ECF No. 1**. For the following reasons, the petition is **DENIED**.

I.  **Background**

Petitioner's motion is related to Criminal Case No. 15-124 (the "criminal case"), in which petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute at least five but less than fifteen kilograms of cocaine within a protected location and one count of possession of firearms in furtherance of a drug trafficking crime, aiding and abetting. **Crim. No. 15-124**, **ECF No. 677**. He was sentenced on February 17, 2016, to 130 months for the conspiracy offense and sixty months for the weapons offense, to be served consecutively.[1] *Id*. Petitioner did

---

[1] Petitions filed pursuant to section 2255 must be filed within one year of the date the judgment became final. 28 U.S.C. § 2255(f). Because petitioner did not file an appeal in the criminal case, the criminal judgment became final

not file an appeal in the criminal case. Petitioner moves to vacate his sentence based on defense counsel's allegedly deficient performance and the unconstitutionally vague language of the underlying weapons statute. **ECF No. 1** at 4–7.

## II. Legal Standard

The Court liberally construes pro se petitions, though "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). To succeed on a claim that counsel was constitutionally ineffective, "[p]etitioner must first show that his counsel's 'performance was deficient,' and he must then show that 'the deficient performance prejudiced the defense.'" *Williams v. United States*, 858 F.3d 708, 715 (1st Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "The first requirement necessitates a demonstration that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. (citation and internal quotation marks omitted). Courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citations and internal quotation marks omitted). The prejudice requirement, meanwhile, necessitates a demonstration of "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation and internal quotation marks omitted). Failure

---

the date the Court entered judgment on the plea agreement, February 17, 2016. *See United States v. Ciampi*, 419 F.3d 20, 23 n.2 (1st Cir. 2005). Thus, petitioner's motion to vacate filed on February 15, 2017, is timely by two days.

to prove either prong of an ineffective assistance claim is fatal to the claim. *United States v. Caparotta*, 676 F.3d 213, 219–20 (1st Cir. 2012).

Furthermore, when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citation and internal quotation marks omitted).

"The void-for-vagueness doctrine prohibits the government from 'taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement' in violation of the Fifth Amendment." *López v. United States*, 239 F. Supp.3d 406, 408 (D.P.R. Mar. 10, 2017) (quoting *Johnson v. United States*, 135 S.Ct. 2551, 2556 (2015)).

## III. Analysis

### A. Ineffective Assistance of Counsel

Petitioner presents several grounds upon which his defense counsel provided constitutionally ineffective assistance, thereby undermining his knowing entry of a guilty plea. First, he contends that counsel failed to adequately explain the consequences of the appeal waiver in the plea agreement. Instead, counsel incorrectly explained "that there was no benefit from filing an appeal even without the waiver." **ECF No. 1** at 4. He claims that counsel explained this without elaborating that "the consequences of not filing a direct appeal" include foreclosing any "future challenges" he may raise "based on retroactively applicable Supreme Court

rulings." *Id*. He also contends that defense counsel failed to explain that sentencing "would be his last opportunity to have [an] attorney appointed to assist him with his case" and "that without the appeal he would not have his transcripts or [an] evidentiary record developed without considerable cost." *Id*. at 5.

Petitioner does not allege that he actually requested defense counsel to file a notice of appeal in spite of the appeal waiver, nor does he articulate any grounds upon which he believed an appeal may be warranted. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (recognizing that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable" and presumptively prejudicial). Moreover, petitioner is mistaken in believing (1) that access to court-appointed counsel ceased at sentencing, *see United States v. Peña-González*, 62 F. Supp.2d 358, 362 (D.P.R. July 7, 1999) (collecting cases indicating when an indigent criminal defendant is afforded a right to court-appointed counsel); (2) that the appeal waiver would foreclose him from raising retroactively applicable Supreme Court cases, *see* 28 U.S.C. § 2255(f)(3) (noting that a section 2255 petition may be filed within one year of a relevant, retroactively-applicable Supreme Court decision); and (3) that failing to appeal somehow imposed a financial cost on him, *see generally* Loc. Civ. R. 3(c) (permitting pro-se habeas petitioners to request to proceed in forma pauperis and waiving charges for petitions filed under section 2255).

Petitioner asserts that, at sentencing, he had "expressed [his] dissatisfaction with the sentence." **ECF No. 1** at 4. But, he does not indicate how this constitutes ineffective assistance in

terms of what he may have requested counsel to do in response to his dissatisfaction. Petitioner's personal expression of disappointment does not, alone, sustain a claim for ineffective assistance.

Last, he argues that counsel performed deficiently by failing to inform him that, by pleading guilty, the "disputed facts in the presentence report" ("PSR") regarding the "exact drug weight and his role [in the conspiracy] would be made permanent and virtually unchallengeable." *Id*. at 5. A lengthy discussion occurred at sentencing regarding petitioner's objections to the PSR, including an objection to his leadership role in the criminal enterprise at issue. **Crim. No. 15-124, ECF No. 872** at 5–24. The Court concluded that the PSR accurately portrayed the evidence proffered describing petitioner's "leadership role." *Id*. at 16–17. Defense counsel also objected to specific acts of violence described in the PSR, number of dependents listed, and petitioner's arrest date. *Id*. at 5. The Court invited petitioner to raise further objections to the PSR or elaborate on those raised by counsel, but he declined. *Id*. at 26–27. Thus, there is no basis to conclude that defense counsel performed deficiently for failing to object to the quantity of drugs involved where there is no indication that petitioner actually expressed any concerns with that information prior to his present petition to vacate.

**B. Void for Vagueness**

Petitioner also argues that 18 U.S.C. § 924(c) is void for vagueness because "it encompasses otherwise legal and innocent conduct." **ECF No. 1** at 6. He vaguely describes scenarios in which sentencing enhancements under section 924 are irregularly charged by law enforcement and prosecutors to substantiate his claim that the statute "permits arbitrary and

random enforcement," that is beyond "the boundaries of prosecutorial discretion." *Id*. at 5–6. Accordingly, petitioner requests the Court vacate his sentence under section 924(c). *Id*

The Court sentenced petitioner under 18 U.S.C. § 924(c)(1)(A) based on his guilty plea that he possessed a firearm "during and in relation to any . . . drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Petitioner pleaded guilty to a drug trafficking conspiracy and possession of a weapon in furtherance thereof. **Crim. No. 15-124, ECF No. 677**. Petitioner's complaints about disparate charging does not amount to an unconstitutionally vague judicial interpretation of the statute. *See Johnson*, 135 S.Ct. at 2257 (describing the arbitrary enforcement at the heart of a vagueness challenge as that levied by courts). The language at issue clearly delimits the sanctionable conduct, leaving no wiggle room for courts to vary in its application. Accordingly, this argument also fails.

**IV.    Conclusion**

Petitioner's section 2255 petition lacks merit. Accordingly, it is **DENIED WITH PREJUDICE**. **ECF No. 1**. Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of March, 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**